CASE 32—PETITION EQUITY—OCTOBER 24.

# Hensey v. Hensey's Adm'r.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

1. HOMESTEAD.—Where a debtor who is a housekeeper with a family is residing upon land at the time it is sought to be subjected he is entitled to a homestead, although he was not residing upon the land at the time the debt was created, provided the debt was not created before the land was purchased or the improvements erected.

2. A MORTGAGE OF THE HOMESTEAD IS NOT VALID AS TO EITHER HUSBAND OR WIFE unless it is sufficient to convey the wife's interest. Therefore, although a mortgage of the homestead in which the wife unites may be properly acknowledged, it is not valid as to either husband or wife unless recorded or lodged for record in the proper office.

KENNEDY & SON FOR APPELLANT.

1. There is no release or waiver of the homestead exemption in a mortgage unless executed by husband and wife and recorded in the same manner as conveyances of real estate are recorded. The allegation of the answer that the mortgage was neither recorded nor lodged for record not being denied must be taken as true. (Brame and wife v. Craig, 12 Bush, 404.)

2. The debtor is entitled to a homestead if he is residing on the land at the time it is attempted to be subjected. (Fish v. Hunt, 81 Ky., 587; Nicholls v. Sennett, 78 Ky., 630.)

ROSS & OWENS FOR APPELLEES.

To entitle defendants to a homestead as against plaintiff's mortgage they must show that they were in the occupancy of the land at the time of the execution of the mortgage and were then *bona fide* housekeepers with a family. (Holcomb v. Hood, MS. Op., Sept. 9, 1886; Griffin v. Procter's Adm'rs, 14 Bush, 571.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

This action was brought by the appellee to forclose a mortgage on the husband's land, executed by the appellants, as husband and wife, to the appellee's intestate. It is alleged in the petition that the mortgage was executed, acknowledged and delivered by the appellants; but

it is not alleged that it was recorded or lodged for record. But the appellants allege in their answer that the mortgage was not recorded or lodged for record, and that they, at the time the action to foreclose the mortgage' was brought, were, with their family, living on the land as a homestead, and the land was not worth as much as one thousand dollars. The court, not deeming the answer sufficient, gave judgment for the sale of the land to satisfy the mortgage lien. This was error.

It is well settled by this court that the debtor with a family may, in good faith, move on the land and make a home of it, and thereby acquire a homestead in it, notwithstanding his indebtedness was created prior to his moving on the land, provided the indebtedness was not created before the purchase of the land or the erection of the improvements. So the only question is, does the mortgage defeat the appellants' right in that regard?

Section 13, chapter 38, General Statutes, provides: "No mortgage, release or waiver of such exemption shall be valid unless the same be in writing, subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate." Of course this language means conveyances of real estate by the husband and wife, and it declares that the mortgage, release, etc., to be valid as a conveyance or release of the homestead right, must be sufficient to convey the wife's potential or other interest in the real estate; and if the mortgage is not sufficient to convey her interest it is also insufficient to convey the homestead interest of the husband. In the latter respect the mortgage, etc., is unlike the conveyance of real estate in general, because the conveyance of the general estate may be sufficient to convey

the husband's title, but not that of the wife. Whereas, as said, the mortgage, etc., of the homestead must be sufficient to convey the wife's interest therein, otherwise it is invalid for such purpose as to both husband and wife. So the question is, is the mortgage sufficient as to the wife to convey the homestead? Upon that subject section 21, chapter 24, General Statutes, provides that a deed of a married woman, to be effectual, must be acknowledged before the proper officer and lodged for record in the proper office. As has been construed by this court, it is as essential to make the deed effectual against a married woman to have the same recorded or lodged for record in the proper office as it is that she should acknowledge the same before the proper officer. This requisite not having been complied with, the mortgage was ineffectual to convey the homestead right of either of the appellants.

The judgment is reversed and remanded with directions for further proceeding consistent with this opinion.