Ballenger v. Lester.

CASE 13—ACTION TO ENFORCE A MORTGAGE LIEN.—MARCH 18.

## Ballenger v. Lester.

APPEAL FROM RUSSELL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

HOMESTEAD—MENTAL INCAPACITY IN WIFE JOINING IN MORTGAGE.

Held:    Under Kentucky Statutes, section 1706, providing that no mortgage of a homestead exemption shall be valid unless subscribed by the debtor and his wife, and acknowledged and recorded, a mortgage of an exempt homestead which is void as to the wife because of her mental incapacity at the time of its execution, is also void as to the husband.

AARON & PHELPS, ATTORNEYS FOT APPELLANT.

The questions for the consideration of this court are:
1. Plea of no consideration.
Appellant says in his answer that no promise of a mortgage or security, entered into the creation of the debt sued on, no

Ballinger v. Lester.

new or additional consideration is coupled with the old debt to support the mortgage. The mortgage is an executory agreement, and to be enforceable ought to be supported by a *present* consideration, that is a present advantage to appellant or a present detriment to appellee. The homestead was not liable for the debt, and simply to *give* a mortgage on the homestead to secure a *past debt* and that not coupled with a present consideration would be a *nudum pactum*.

2. Can an insane wife effectually waive the homestead?

That sufficient mental capacity is required to the proper execution of a conveyance of real estate, is too well settled to need comment.

Appellant's wife died before this suit was brought, and appellee now contends that appellant can not plead the incapacity of his wife to save to himself and family a homestead. We contend that if the mortgage was ineffectual in the beginning, the subsequent death of the wife will not make it effectual. It never having been valid, the death of the wife can not give it validity.

3. It is not the duty of an officer, taking an acknowledgment, to certify to the capacity of the parties' and therefore section 3760, Kentucky Statutes, has no application to the question of insanity.

### CITATIONS.

Kentucky Statutes, 1706; Hensey v. Hensey's Admr., 92 Ky., 164; Thompson v. New Eng. Security Co., 18, So. 315; Thorn v. Darlington, 6 Bush, 448; Sullivan v. Flynn, 20 D. C., 396; Myers v. Knabe, Kan., 33, p. 602; Locke v. Redmond, Kan. App., 49, p. 670; Wagner v. Wagner, 73 N. W., 937; Goodyear v. Adams, 5 N. Y. S., 275; German Saving & Loan Society v. De Lashmutt, cc., 67 F., 399.

J. BRYAN STONE, and STONE & STONE, for appellee.

The appellant in his answer and reply to the cross petition of appellee alleges that his wife Parmelia Ballinger prior to and at the time of the execution of the mortgage, was *non compos mentis*, and did not have capacity to contract or understand the nature or effect of the mortgage and for that reason she did not sign or acknowledge the mortgage. He also alleges that his wife is dead having died since the date of the mortgage. The court sustained a demurrer to the answer and the appellant failing to plead further his answer was dismissed and he has appealed.

There is no allegation that appellee knew of the wife's inca-

Ballinger v. Lester.

pacity, and now that the wife is dead, will the court permit him to plead her incapacity and thereby claim his homestead? If she was incompetent the appellant knew it, and to admit his plea he will be allowed to take advantage of his own wrong. He is in a court of equity, seeking equity, and should be made to do equity. One who procures an insane person to do an act, should so far as he is concerned, be estopped to set up such insanity for his own benefit in a court of equity, especially when he is a party to the same mortgage.

## AUTHORITIES CITED.

Kentucky Statutes, sec. 3760; Prebble v. Hall, 13 Bush, 65; Dowell v. Mitchell, 82 Ky., 48; Franklin v. Breckinridge, 11 Bush, 596; Kentucky Statutes, secs. 1702, 1706.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—REVERSING.

The appellee sought in this action to recover judgment against the appellant for the sum of $263, with interest from 23d September, 1897, subject to a credit of $3.75 November 19, 1897, and also asserted a mortgage lien upon a certain tract of land in Russell county to secure the payment of said judgment. The mortgage purported to be executed simultaneously with the note, and signed and acknowledged by the appellant and his wife, Parmelia V. Ballinger. The answer of appellant to the petition of the appellee may be considered as containing three paragraphs or distinct grounds of defense. The first defense interposed is a plea of no consideration. It further appears from the answer that the land in controversy was the homestead of the appellant, and worth less than $1,000, and owned and occupied as a homestead by appellant, his wife and children, prior to the creation of the debt sued on. It is further alleged that the wife, Parmelia V. Ballinger, was incapable of executing mortgage at the time same was executed, by reason of mental unsoundness and other afflictions. We copy as follows from the answer: "He says at the time of the pretended execution of said mortgage his wife, Parmelia Bal-

linger, was blind, in bad health, and *non compos mentis*, and on the —— day of ——, 189—, thereafter, died, and that at the time of the pretended execution of said mortgage said Parmelia Ballinger did not have sufficient mind and understanding to know and understand the nature and effect of the mortgage, or of any other instrument of writing; that she did not understand said mortgage at the time of its pretended execution. He says at the time of the pretended execution of said instrument she did not have mental capacity and understanding to know and understand the nature, quality, and effect of her acts and deeds, and that at said time she did not understand the nature and effect of her act, and did not understand the nature or effect of said mortgage or note, or of her acts, by reason of her mental infirmities. He says that said unsoundness of mind and mental incapacity continued to the time of her death, and that from the time of the pretended execution of said mortgage to the time of her death she was, by reason of the aforesaid unsoundness of mind and mental incapacity, wholly unable and incompetent to understand the nature and effect of said instrument, and wholly unable and incompetent to execute the same. He further says the pretended execution of said mortgage by his wife is now void, and that the homestead right of defendant, Ballinger, in and to said land, was not thereby waived, released, disturbed, or encumbered, and that he now has a homestead right in and to said land superior to the debt and pretended mortgage herein sued on by said Lester." The execution of the mortgage is also denied. A general demurrer was filed to the answer by appellee, which was sustained by the court, and a judgment was rendered in favor of appellee, and a sale of the land adjudged to satisfy the same, and from that judgment this appeal is taken.

The sole question presented for decision is whether or not the answer presented a valid defense. We are of opinion that the attempted denial of the execution of the mortgage was insufficient, and presented no obstruction to a recovery; and the same is true of the attempted plea of no consideration. It will, however, be seen from the foregoing extract from the answer that the total incapacity of the wife to understand or execute a mortgage is fully pleaded and relied on. It is provided in section 1702, Ky. St., that upon debts incurred after the first of June, 1866, there shall be exempt from sale under execution, attachments, or judgment, except to foreclose a mortgage given by the owner of a homestead, or for purchase money due therefor, so much land, etc., owned by debtors who are actually *bona fide* housekeepers, with a family resident in this Commonwealth, so much land as shall not exceed $1,000 in value, etc. It is provided in section 1706, Kentucky Statutes, that no mortgage, release, or waiver of homestead exemption shall be valid unless same be in writing, subscribed by defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate. This court, in Hensey v. Hensey's Ad'mr, 92 Ky., 164 (13 R., 426), (17 S. W., 333), had under consideration the homestead statute. The court, after stating the facts and discussing the question, and quoting from the General Statutes, which are similar to the present statute, said: "Of course, this language means conveyances of real estate by the husband and wife, and it declares that the mortgage, release, etc., to be valid as a conveyance or release of the homestead rights, must be sufficient to convey the wife's potential or other interest in the real estate; and, if the mortgage is not sufficient to convey her interest, it is also insufficient to convey the homestead interest of the husband. In the latter respect the

Ballinger v. Lester.

mortgage, etc., is unlike the conveyance of real estate in general, because the conveyance of the general estate may be sufficient to convey the husband's title, but not that of the wife, whereas, as said, the mortgage, etc., of the homestead must be sufficient to convey the wife's interest therein; otherwise it is invalid for such purpose as to both husband and wife. So the question is, is the mortgage sufficient, as to the wife, to convey the homestead?" The court, after further reference to the statute, said: "This requisite not having been complied with, the mortgage was ineffectual to convey the homestead right of either of the appellants." It seems to us that the foregoing opinion is decisive of this case, for, if the averments of the answer as to the unsoundness of mind of the wife at the time of the execution of the mortgage are true,—and this must be taken as true on demurrer,—the mortgage was wholly ineffectual to divest either the husband or wife of their homestead right to the land in controversy. It results, therefore, that the court erred in sustaining the demurrer to the entire answer.

The personal judgment is affirmed, but so much of the judgment as adjudges a sale of any part of the land in satisfaction of appellee's claim is reversed, and the cause remanded, with directions to overrule the demurrer to so much of the answer as is herein indicated as constituting a valid defense, and for proceedings consistent herewith.