CASE 43—CONTROVERSY BETWEEN W. S. HAZEL AND C. MATTINGLY'S
ADMR. AND OTHERS AS TO PRIORITY OF MORTGAGES.—JAN. 20.

# Mattingly's Admr., &c. v. Hazel.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR HAZEL AND THE OTHERS APPEAL. REVERSED.

HOMESTEAD—HUSBAND AND WIFE—WAIVER OF EXEMPTION.

Held: 1. Under Ky. St. 1903, sec. 1702, exempting to a debtor with
a family the homestead on which he lives, and section 1706,
prescribing the manner for waiving the exemption, which shall
be in writing signed by the debtor and his wife, where two
mortgages are given thereon, the first executed by him alone,
the second by both, waiving the exemption she can not there-
after waive the exemption in favor of the first mortgage, as
against the second mortgage.

W. E. AUD AND SWEENEY, ELLIS & SWEENEY, ATTORNEYS FOR
APPELLANTS, AUD & BRO.

SYLLABUS.

1. C. Mattingly, who occupied a homestead with his wife and
children, attempted, in the year 1888 to mortgage it to M. S.
Mattingly, appellee's assignor, but the wife did not join with
him in that mortgage.
   The attempt of the husband, the wife not joining, to mort-
gage it was void.
   2. The attempted mortgage of the husband of the homestead,
the wife not joining with him, attempted to be made in 1888,
is void, and the mortgagee acquired under that instrument
no lien whatever upon the land.
   3. In 1898, ten years after the date of the original attempt
on the part of the husband to mortgage the homestead, the hus-
band and the wife made, executed and acknowledged and de-
livered to appellants a mortgage upon the title to this land,
and they thereby acquired a first lien upon it, and on the
issues presented in this case they are entitled to be adjudged to
have a first and superior lien upon the land sought to be

sold. Lear, &c. v. Totten, &c., 14 Bush, 101-106; Tong, &c. v. Eifort, 80 Ky., 152; Hensey v. Hensey's Admr., 92 Ky., 164; Ballinger v. Lester, 23 Ky. Law Rep., 2353.

4. It is admitted in the pleadings in this case that the land which C. Mattingly attempted to mortgage to M. S. Mattingly in 1888, was then occupied by him, his wife and family, who were citizens of this Commonwealth as a homestead, and that the land was then of less value than $1,000, and besides this land they had no other homestead.

It is also admitted that at the time this land was mortgaged to appellants by C. Mattingly and his wife, that they were occupying the same as a homestead in Daviess county, Kentucky, being citizens of the Commonwealth of Kentucky, and that the land was then of less value than $1,000, and that besides it they had no other homestead.

BIRKHEAD & CLEMENTS, FOR APPELLEE.

### SYLLABUS AND AUTHORITIES CITED.

1. A homestead is not an estate in land, but a mere privilege of occupancy by those who are entitled to exemption by Statutes of Kentucky. Kentucky Statutes, sec. 1702; Brame v. Craig, 12 Bush, 407; Gaines v. Casey, 10 Bush, 92.

2. The right of homestead exemption being only a privilege of occupancy, the only persons who can claim the privileges are those mentioned in the statute for whom the benefit was created, viz., the husband, wife and infant children.

3. The right to claim a homestead is a personal right that can be only exercised by the husband, wife or infant children. This right may be waived by contract or neglect to claim the exemption. Waples on Homestead and Exemptions, p. 547; Thompson on Homestead and Exemptions, sec. 452; 10 Ency. Plead. & Prac., sec 4, pp. 66, 92, sec. 4; 2d ed. A. & E. Ency. of Law, vol. 15, p. 638; Honnaker v. Cecil, 84 Ky., p. 202; Belknap & Co. v. Carpenter, 8 Ky., p. 358.

4. The husband being dead and there being no infant children, the wife of decedent waived her homestead right, and set up no claim to same, there is no homestead privilege left for any one to assert. Gaines v. Casey, 10 Bush, p. 92.

5. When those who are entitled to claim the homestead exemption under the statutes of Kentucky fail to do so, the subsequent creditor can not set up a homestead exemption for those who might have claimed same, and thus procure a preference as against the prior mortgage wherein the wife failed to

Mattingly's Admr., &c. v. Hazel.

unite in waiving the exemption. The creditor in any case can not plead the exemption for his debtor. Taylor v. Dismukes, 15 Ky. Law Rep., p. 703.

6. In this case the wife, the only one who has any right whatever to make the claim of homestead exemption, has, by a subsequent writing ratified the prior mortgage and waived her homestead right as to it, and also filed her answer in this action, also ratifying the prior mortgage and asking the court to sell the land to satisfy same. The prior mortgage held by Hazel covers the legal estate of the decedent, and also the homestead by reason of said ratification of, and failure to claim same by the wife, and the mortgage executed to M. S. Mattingly on November 10, 1888, and assigned to appellee W. S. Hazel, is a first and superior lien on the land sought to be sold in this action.

Opinion of the court by JUDGE O'REAR—Reversing.

The owner of a tract of land worth less than $1,000 undertook to mortgage it to appellee's assignor in 1888 to secure a debt of $190. The owner was then a married man, and with his wife and family occupied the land as a homestead. The wife was named as grantor in the mortgage, but failed, she says by oversight, to sign or acknowledge it, though willing and intending to do so. In the mortgage it is stated that the homestead exemption is expressly waived.

In 1898 the owner and his wife mortgaged the same land to Aud & Bro., to secure two named debts. This mortgage was duly executed and recorded, and in express terms waived the homestead exemption of the mortgagors. The owner died without paying either of the mortgage debts. There were no infant children. This suit is a contest between appellee, the owner of the $190 debt secured by the first mortgage, and the second mortgagee, as to which has the prior lien upon the land. The widow of the mortgagor has undertaken by a writing signed and acknowledged by her, and by a pleading filed in the case, to give full effect to the first mortgage by disclaiming any title or interest in the

land, and attempting to relinquish whatever homestead right she had to the first mortgagee.

Ky. St., 1903, section 1702, exempts to a debtor with a family the land on which he resides as a homestead, not exceeding $1,000 in value. It creates no new estate in the debtor. It merely negatives the right of his creditor to sub· ject that part of the debtor's land to his debts excepting those contracted before the purchase of the land or the erection of the improvements upon it. Section 1706 provides the manner for waiving this exemption. It has been frequently held by this court that the exemption can be waived only in the manner pointed out by the statute; that is, the waiver shall be in writing, subscribed by the debtor and his wife, and acknowledged and recorded in the same manner as conveyances of real estate. Thorn v. Darlington, 6 Bush, 448; Ballinger v. Lester (113 Ky., 96), 23 R., 2353) 67 S. W., 266; Wing v. Hayden, 10 Bush, 276; Meade v. Wright (21 R., 1806, 56 S. W., 523; Hensey v. Hensey's Adm'r, 92 Ky., 164, 13 R., 426, 17 S. W., 333; Lear v. Totten, 14 Bush, 101; Hemphill v. Haas, 88 Ky., 492, 11 R., 62, 11 S. W., 510. Section 1702 relieves the property known as the "homestead" from the debt absolutely, except for purchase money, debts created prior to the purchase of the land, and for debts created before the erection of the improvements thereon. Those are the only exceptions. But for the provision of section 1706, land so occupied could not be subjected at all for debts. Whether the homestead is an estate or a privilege is not so material to determine. The fact is that the Legislature has made such lands not liable for the owner's debts as stated. By section 1706 a method is provided which, if adopted, will make that land liable for the debts specified in the writing. Unless the method given by section 1706 is taken advantage of, then section 1702, which

makes an absolute exemption, remains in force.    It is not in the power of the debtor to waive the law in any other manner than that expressly required by the statute.    From this it follows that the first mortgage of 1888, which the wife did not sign, was void in so far as it attempted to create a lien upon the land of the mortgagor which he occupied as a homestead.    It being void for that purpose, the subsequent mortgage to Aud & Bro., in which the wife did join, and which was executed in strict conformity to section 1706, Ky. St., 1903, constituted the first lien upon the land. It was not competent thereafter  for the wife of the mortgagor to give the first mortgagee a preference over Aud & Bro., by then signing and acknowledging a conveyance of her homestead right.    Aud & Bro.'s lien had attached, and nothing that the mortgagor or his wife could do thereafter could defeat or diminish the perfect lien of the mortgagees.

The judgment of the circuit court, not being in accord herewith, is reversed, and cause remanded for judgment consistent with this opinion.

Petition for re-hearing by appellee overruled.