Case 100.—ACTION BY N. E. HOLDER'S ADMINISTRATOR
FOR A SETTLEMENT OF HER ESTATE, INVOLVING A
SALE OF REAL ESTATE CLAIMED BY HER HUSBAND
AS A HOMESTEAD.—June 17.

## Holder's Adm'r v. Holder.

Appeal from Montgomery Circuit Court.

ALLIE W. YOUNG, Circuit Judge.

From the judgment plaintiff appeals.    Affirmed.

Homestead—Occupation—Rights of Husband—Wife's Ante-nup-
tial Creditors.

1. Homestead—Creditors of deceased, who became such while she
   was a single woman and owned certain land which thereafter
   became the homestead of herself and husband, were not en-
   titled to claim that the land was not homestead as against
   them.
2. Occupation—Rights of Husband—The homestead of a wife
   continues after her death for the benefit of her surviving
   husband, and exists as long as he continues to occupy the land,
   though he has neither family nor children.
3. Wife's Ante-nuptial Creditors—Where, after deceased's mar-
   riage, she and her husband lived on rented property, which
   adjoined certain land inherited by her, which she and her
   husband cultivated and used for pasture, the land so used
   was exempt as homestead.

PREWITT & SENFF for appellant.

We realize that the law favors homesteads, and especially
where there is a family, but in this case N. E. Holder died without
issue; Wm. Holder has no one dependent upon him for support;
neither of the parties ever expressed any intention to occupy said
land as a homestead; never resided thereon, nor is there any sug-
gestion even that either of them ever intended to do so; the credit
was extended to her while she was a single woman, owning this
land in fee simple, her creditors knowing her to be solvent, and
to say that by her marriage with Wm. Holder she could lessen
the security of the creditors, and her husband given a home-
stead in her land as against pre-existing debts, seems to be both

inequitable and unjust. It means, if the judgment of the lower court is sustained, that these creditors will lose their debts, which debts, too, were good when contracted, she having land out of which they could be made, and the credit extended with this belief.

### AUTHORITIES CITED.

Park v. Wright, 25 Ky. Law Rep., 128; sec. 1702, Ky. Stats.

R. A. MITCHELL for appellee.

### SUMMARY.

Nannie E. Holder inherited thirty acres of land in 1900. She married William Holder in 1902. They lived together as man and wife, keeping house until 1903.

During the years 1902 and 1903 they were husband and wife, living adjacent to the thirty acres of land, keeping house, cultivating it, and using it for domestic purposes.

In 1903 Nannie E. Holder died, and her husband, William Holder, has occupied the land as his home ever since. It is asked to divest him of his homestead. The question is respectfully submitted.

### AUTHORITIES CITED.

Bennett v. Baird, 81 Ky., 557; Mason v. Columbia Finance Trust Co., 99 Ky., 117; VanMeter v. VanMeter, 12 Ky. Law Rep., 214; Redmond v. Citizens Bank of Paris, 19 Ky. Law Rep., 137; Donelson v. Richart, 22 Ky. Law Rep., 1268; Nichols v. Bennett, 78 Ky., 632.

OPINION BY JUDGE PAYNTER—Affirming.

The personal representative of N. E. Holder instituted this action to settle her estate, and for the sale of land left by her to pay the debts which her personal property was insufficient to pay. The husband, Wm. Holder, resisted the sale of the real estate upon the ground that it was of less value than $1,000, and that he was entitled to the use of it as a homestead. For the creditors it is contended that he is not entitled to the homestead in the property, because the debts were contracted while the decedent was a single woman, and when she did not live on the land or

claim it as a homestead. The position of the creditors whose debts were contracted under the circumstances detailed is untenable.

This court, in the case of Nichols v. Sennitt, 78 Ky., 632, 1 Ky. Law Rep., 397, held that, if the land was purchased or improvements made prior to the creation of the debt, the homestead right exists when the claimant is in occupancy as a housekeeper in good faith at the time the attempt is made to subject it by execution to the payment of the debt. In this opinion the court criticised the case of Griffin v. Proctor, 14 Bush, 572, and said that the contrary view expressed in that case was merely the opinion of the judge who wrote the opinion.

In the case of Hensey v. Hensey's Adm'r, 92 Ky., 164, 13 Ky. Law Rep., 426, 17 S. W., 333, the court recognized the correctness of the rule announced in Nichols v. Sennitt. Counsel for appellant is evidently misled by the case of Park v. Wright, 74 S. W., 712, 25 Ky. Law Rep., 128, where the contrary doctrine is announced. The court's attention in that case was not called to the case of Nichols v. Sennitt and Hensey v. Hensey's Adm'r.

There is a more serious question in this case than the one considered. After she had inherited the land she married the appellee, Holder, who was her husband at the time of her death. There was an indifferent house on the 30 acres of land herein involved, and the decedent and her husband rented an adjoining place and lived on it, but used the wife's land in connection therewith by cultivating part of it, and using the balance of it for pasture purposes. The homestead of the wife continues after her death for the benefit of the surviving husband. (Ritter v. Huffman, 50 S. W., 1101, 21 Ky. Law Rep., 111.) It exists so long as he continues to occupy the land,

although he has neither family nor children living with him. (Ellis v. Davis, 90 Ky., 183, 11 Ky. Law Rep., 893, 14 S. W., 74.) The question is, therefore, raised whether the wife, under the facts detailed, was entitled to a homestead in the land at the time of her death.

This court has held in Nichols v. Sennitt, 5 Ky. Lew Rep., 199, and Donaldson v. Richart, 60 S. W., 405, 22 Ky. Law Rep., 1268, where a party occupies one piece of land with his family, and owns a distinct and separate tract of land, not adjoining the one upon which he lives, but uses it in connection with the one so occupied, he is entitled to hold it as a part of his homestead, if both do not exceed in value $1,000.

It was held in Redmon v. Citizens Bank of Paris, 39 S. W., 432, 19 Ky. Law Rep., 137, that where a debtor resided upon the dower land of his mother, using and cultivating as a part of the same farm an adjoining farm owned by him, he is entitled to his land as a homestead. This case can not be distinguished from Redmon v. Citizens Bank of Paris. Therefore we conclude that the wife was entitled to homestead at her death as against the claims of her creditors. It follows, therefore, that the husband has a homestead in the land. This land can only be sold by his wife's creditors subject to his homestead rights, and the lower court so held.

Wherefore the judgment of the lower court is affirmd.