## Jackson, v. Haake.

### (Decided March 11, 1915.)

## Appeal from Laurel Circuit Court.

1. Land—Sale of Infant's Real Estate—Failure to Execute Bond— Void Sale.—In a sale of infant's land under Section 489 of the Code, where defendant admits that the bond required by Section 493 of the Code was not executed, the sale is void.

2. Land—Entry Upon Under Void Sale—Improvements.—The rule that a vendee who enters upon land under a voidable sale and makes lasting and permanent improvements upon the same that enhance the vendible value thereof, is entitled to compensation therefor, does not apply where the vendee fails to show that the improvements were lasting or permanent, and of such nature as to enhance the vendible value of the land.

C. C. WILLIAMS and H. J. JOHNSON for appellant.

R. L. EWELL for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This is an action by Bertie S. Jackson to recover of Hugo Haake 35 acres of land in Laurel County. While she was an infant her guardian attempted to have the land sold for purpose of re-investment by an order of court under Section 489 of the Civil Code of Practice. A sale was had, and it brought $110. Mrs. O. M. Haake took commissioner's deed for the property and upon her death it came to her son, Hugo Haake, under her will. But it is admitted that the guardian did not execute the bond, which Section 493 of the code requires shall be executed in such cases. The sale, therefore, was void. Hicks v. Jackson, 24 Ky. L. R., 218, 68 S. W., 419; Jenkins v. McVaw, 145 Ky., 205; Hagin v. Straus, 148 Ky., 140; Walker v. Milliken, 150 Ky., 12.

Haake answered with a counterclaim, and averred that it was old land cleared of timber but grown up in

briars and thickets. He says he cleaned it up at a cost of $60; that he put a fence ten rails high around it, using 1,500 panels, at a cost of $150; that he trimmed up the old orchard at a cost of $10; and set out 70 apple trees and 50 peach trees, costing $30. Other items of expense are given aggregating about $400. He shows that they sowed 12 acres of it in grass, and admits a rental value of the land averaged $10 per annum. Proof was heard, and it showed that appellee had made an expenditure to the amount alleged, but nothing was offered to show that the improvements were lasting or valuable or that they enhanced the vendible value of the property, except the description which the witnesses gave of the character of the improvements, and that conformed to the averments of the answer above recited.

The court set aside and canceled the commissioner's deed, and held that the appellant was the owner of the land, but adjudged that appellee was entitled to a lien on the premises for value of fencing and timber furnished in the sum of $150; for planting fruit trees, $25; for taxes, $10; less rent, $35, and cross-ties sold from the place, $1.35; or a lien for the net amount of $148.25, and the land was adjudged to be sold for payment of the lien. The commissioner sold the land for that purpose; it was appraised at $125; the appellee was the purchaser at the price of $85. Appellant appeals from so much of the judgment as allowed $148.25 lien for alleged improvements. Appellant agrees that in case of a voidable sale the vendee is entitled to a lien for the value of lasting improvements which enhance the vendible value of the property, less its rental value while he was in possession, but insists that this rule does not apply in the case of a sale absolutely void, and particularly where there is nothing in the case to show that the vendible value has been increased or that the improvements are of a lasting nature. The case of Glass v. Hampton, 120 Ky., 804, is cited as illustrative of the rule of compensation for improvements in case of voidable sales.

In that case the court said:

"It has been adjudged in several cases that, when a vendee enters upon land in good faith under a verbal contract, and, believing that the contract will be adhered to, puts, with or without the knowledge or express or implied consent of the vendor, upon the premises valuable and lasting improvements that enhance the vendible

value of the place, if the vendor after the improvements have. been made rescind or repudiates the contract and 1ecovers the premises, the person making the improvements is entitled to be paid a sum equal to the amount that the improvements enhance the vendible value of the property, not exceeding the reasonable value of the improvements, and to secure the payment of such sum will be allowed a lien upon the property. But, unless the improvements do enhance the vendible value of the property, the person putting them on the premises will not be allowed anything except the privilege of removing them if this can practically be done."

But it is unnecessary to discuss the question as to whether a vendee holding under a void deed has any right to compensation for improvements put upon the property, although they may enhance the vendible value of it, and are of a permanent character. In the case at bar there was no proof that the appellee made permanent improvements, or that such improvements as he did make enhanced the vendible value of the property. The two sales show quite the contrary. Before the alleged improvements were put upon the place the land brought $110, and afterwards it sold for $85; so that, considering the case as if the deed was voidable, it seems that appellee does not show himself entitled to compensation for improvements made. .

We are of the opinion that the lower court erred in adjudging a lien against the property in favor of appellee, and to that extent the judgment is reversed.