## Clay's Committee v. Washington, et al.

(Decided March 28, 1919.)

## Appeal from Bourbon Circuit Court.

1.  Appeal and Error—When Right to Prosecute Appeal Will Cease—
    Options.—Where the appellant elects to avail himself of one of
    two options given him by a judgment to which he excepts and
    from which he appeals, and the exercise of either option deprives
    him of a part of the money or property for which he sued, the
    taking by him of either option does not end or obstruct his right
    to take or further prosecute the appeal. It is only where he has
    compromised and settled the demand sued for or matter in con-
    troversy with the appellee in satisfaction of the judgment so as
    to free the parties from its coercive provisions; or where, pend-
    ing the appeal, conditions have arisen that would make the judg-
    ment of the appellate court of no legal effect, that the right to
    further prosecute the appeal will cease.

2.  Homestead—How Debtor Entitled to Homestead.—In order to en-
    title a debtor to a homestead exemption in real estate, of which
    he is the owner, seized for debt, he must be a bona fide house-
    keeper with a family in possession of, i. e., residing upon, the
    property, claiming it as a homestead when levied upon by the
    attaching or execution creditor; or if not in possession his ab-
    sence must be temporary and with the fixed intention or purpose
    existing at the time of leaving it to return to and occupy the prop-
    erty as a homestead. Moreover, he must have acquired the prop-
    erty prior to the creation of the debt or demand to satisfy which
    it is sought to be subjected to sale.

3.  Homestead—Abandonment—Exemption.—Although the debtor
    may, after acquiring a homestead in real property; before the
    creation of the debt, leave it temporarily with the intention to
    return to and occupy it as a homestead, and even carry such in-
    tention into effect by later returning to and occupying the prop-
    erty, if after doing so he abandons it as a homestead and removes
    to and occupies another piece of property of which he is the
    owner, and which he acquired after the creation of the debt, with
    the intention to make it his homestead instead of the property
    from which he removed, in such event he will not be entitled to
    a homestead in either piece of property as against the debt of the
    creditor, and both may be subjected to its payment, unless the
    second piece of property was purchased with the proceeds of the
    sale of the first property, in which event it would be exempt from
    the debt if worth no more than $1,000.00; but if worth more than
    that sum, only $1,000.00 of its value would be exempt to the
    debtor.

4.  Homestead—Evidence.—Evidence in this case examined: Held,
    that the debtor, a woman, is not entitled to a homestead in either

of the two lots levied upon and sold in satisfaction of the debt of the execution creditor.

EMMETT M. DICKSON for appellant.

TALBOT & WHITLEY and HARMAN STITT for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, H. C. Howard, as committee of George Clay, a person of unsound mind, in an action brought in the Bourbon circuit court, recovered of the appellees, Alfred Washington and Sara Washington, husband and wife, a personal judgment for $5,000.00. An execution was issued on the judgment and levied upon two lots as the property of the appellee, Sara Washington, both situated in the city of Paris, one of them on Thomas avenue and the other on Hanson street; the first containing a one-story and the second a two-story frame dwelling house. Preliminary to their sale under the execution the lots were duly appraised, the value of each being placed by the appraisers at $900.00. When sold under the execution both lots were purchased by the appellant, the Thomas avenue lot at $1,000.00 and the Hanson street lot at $1,200.00.

As each lot brought more than two-thirds of its appraised value, the sheriff, by deed made shortly after the execution sale, conveyed the lots to appellant in his official capacity, and the latter, in order to obtain possession of them, applied to the Bourbon circuit court for a writ of *habere facias possessionam,* of which appellees were given due notice.

By written notice given appellant and the sheriff on or before the sale of the lots under the execution, and also by her answer to appellant's motion for the writ of possession, the appellee, Sara Washington, claimed a homestead in one or the other of the lots, alleging that she was a *bona fide* housekeeper with a family, consisting of herself and husband; that she had acquired by its purchase by her for that purpose and her occupancy of the Thomas avenue lot, a right of homestead therein long before the creation of the debt for which appellant obtained judgment against her, which right of homestead, notwithstanding her removal from the Thomas avenue lot to the Hanson street lot, and occupancy of the latter lot at the time of the institution of the appellant's action

against her, she had not abandoned or lost, or that if lost in the Thomas avenue lot, such right of homestead had been transferred to and existed in the Hanson street lot. The affirmative matter of the answer was controverted by reply.

On the hearing of the motion for the writ of possession, the circuit-court rendered the following judgment:

"The court declines to sustain the motion of the defendant, Sara Washington, filed herein Nov. 13, 1916, supported by her affidavit, filed herein on the same date in reference to the introduction of further proof, and overrules said motion, to which the defendant, Sara Washington, excepts and the court being advised is of the opinion, and so adjudges, that the defendant, Sara Washington, acquired a homestead right in the following real estate, to-wit:

"Also that other certain property in Paris, Bourbon county, Kentucky, known as lot No. 1, Higgins' subdivision, being 50 feet on McCann (or Thomas) avenue and 113 feet, more or less, on Williams street, and is bounded on the south by lot No. 3, on the east by the Prewitt property and is the same property conveyed by John W. Childers, by the master commissioner of the Bourbon circuit court to the Economy Building and Loan Association of Paris, Kentucky, and by it conveyed to Sara Washington, by deed recorded in deed book 83, page 114, in the Bourbon county clerk's office," and that said homestead right was so acquired long before the creation of the liability sued on herein and represented by the judgment herein, and that the plaintiff cannot look to both pieces of real estate herein, freed from all homestead rights to satisfy his judgment, as plaintiff has undertaken to do. The court is further of the opinion, and adjudges, that the defendant, Sara Washington, in moving into the improvements on the other parcel of real estate sold herein, took with her a homestead exemption so acquired, to the extent of the value of the above described real estate in which she first acquired a homestead right, and it appearing to the court from this record that the above described property, in which she first acquired a homestead right, was sold for $1,000.00 and there being no other proof of its value, it is adjudged that the defendant, Sara Washington, in moving into the improvements on the other property now occupied by her, described below, and which, as it appears from the record, was sold

for $1,200.00, took with her a homestead exemption to the extent of $1,000.00.

"It is accordingly adjudged that the plaintiff is entitled to a writ of possession of both parcels of real estate sold herein, but the plaintiff is required to pay to her, or her attorneys, Talbott & Whitley and Harmon Stitt, the value of her homestead right, to-wit, $1,000.00 before the writ of possession shall issue as to the last parcel, known as the Jones property in which defendant resides and described as follows:

"A certain house and lot of ground situated in Paris, Bourbon county, Kentucky, on Hanson street, fronting on Hanson street 100 feet, more or less, and extending back to Gano street 290 feet, more or less, and adjoining the property of R. H. Maddox, Lettie Masterson, Thomas Samuels, Ben Hawkins and Ed Hutsell, being the same property conveyed by Martha Jones by deed of date Sept. 15th, 1913, of record in the office of the clerk of the Bourbon county court, in deed book 100, page 180.

"Comes defendant and consents and offers to permit the plaintiff to surrender to the defendant said real estate first described above in which defendant is adjudged to have first acquired a homestead right before the creation of the liability herein, in lieu of plaintiff paying the defendant the $1,000.00 aforesaid, and in that event the plaintiff may have a writ of possession for the last tract without the payment of the $1,000.00 aforesaid. If the plaintiff declines this offer, plaintiff may have writ of possession of the first parcel above described at once and a writ of possession of the second parcel in which defendant resides, upon payment of the homestead exemption of $1,000.00 as aforesaid. But if the plaintiff accepts the above offer the plaintiff will release and surrender to defendant the first described tract and may have a writ of possession at once for the second described tract.

"To all of which the plaintiff objects and excepts and prays an appeal to the Court of Appeals, which is granted."

Appellant filed motion and grounds for a new trial of his motion for a writ of possession for the lots, but the motion was overruled. From this ruling and the judgment previously entered, he prosecutes this appeal.

Appellees, after due notice thereof to appellant, have entered in this court a motion to dismiss the appeal on

the ground set forth in a verified answer filed in support of the motion, which is, that appellant, by his exercise of the option given him by the judgment of the circuit court to accept the appellee, Sara Washington's offer to surrender to him the Hanson street property upon his surrendering to her as a homestead the Thomas avenue property, followed by his surrender to her of the possession of the Thomas avenue property and her surrender to him of the possession of the Hanson street property, was such an acceptance of a benefit conferred by the judgment as estops him to complain of its provisions or ask its reversal; hence, the act should be held to constitute an abandonment of his appeal.

We are unable to find any merit in this contention. Civil Code, section 575, provides: ''If it appears from the record that an appeal was improperly granted, or that the appellant's right to prosecute it further has ceased, the appellee may, upon stating the grounds in writing, move the court to dismiss the appeal.''  . . .

By an act passed in 1888, this section was amended by adding to it these further provisions: ''But where a party recovers judgment for only part of the demand or property he sues for, the enforcement of such judgment shall not prevent him from prosecuting an appeal therefrom as to so much of the demand or property sued for that he did not recover.''

In numerous cases involving the construction or application of this section, we have held that accepting satisfaction of a judgment where the party only recovers part of what he sued for, does not prevent him from appealing. Combs v. Bates, 147 Ky. 849; O'Connor v. Henderson Bridge Co., 95 Ky. 633; Nashville C. & St. L. Ry. Co. v. Bean's Exr., 128 Ky. 758.

The fact that the party appealing has availed himself of whatever benefit the judgment complained of allows him, does not, as argued by appellee's counsel, destroy his right to prosecute the appeal from so much of the judgment as refused him in part the recovery or relief sought. It is only where he has compromised and settled the demand sued for or matter in controversy with the appellee in satisfaction of the judgment, or so as to free the parties of its coercive provisions, or where, pending the appeal, conditions have arisen that would make the judgment on the appeal of no effect, that the right to prosecute it will cease.   Whittle v. Rawleigh

Medical Co., 177 Ky. 1; Ohio River Contracting Co. v. Pennybacher, 168 Ky. 78; Madden v. Madden, 169 Ky. 367; Haggen v. Montague, 125 Ky. 507.

Here the appellant, by the judgment appealed from, recovered but a part of the property for which he sued, and that he obtained only by exercising an option imposed by the judgment, the exercise of which compelled him by its terms to surrender to the appellee, Sara Washington, the remainder of the property. In fact the judgment gave him two options. The one mentioned of which he availed himself, and the other giving him the right to take both pieces of property by first paying appellee $1,000.00, in lieu of a homestead, the result of the taking of either option being alike coercive upon appellee. If, instead of availing himself of the option he exercised, appellant had taken the other and paid Sara Washington the $1,000.00, in order to obtain both pieces of property, could it be contended that his act, in so doing, would have deprived him of the right of appeal from the judgment? Manifestly, such would not have been its legal effect, and no logical reason can be assigned in support of the contention that his exercise of the option of which he availed himself, should be given the legal effect claimed for it by appellees.

It is also manifest that if the judgment should be reversed with direction to the circuit court to require delivery to appellant of the lot which, as the result of his exercise of the option, was surrendered to appellee, that court, upon the return of the case, would have such jurisdiction of the parties and control of the property as would enable it to compel delivery of the possession of the latter to appellant in obedience to the mandate of the appellate court. On the other hand, if the judgment should be affirmed, the appellees, who have no cross-appeal, would be left in the situation in which the judgment placed them and would continue in possession of the property they now hold. So it is clear that there has been no change in the condition of the property or situation of the parties, arising from appellant's exercise of the option accorded him by the judgment of the circuit court, that can have the effect to bar his right to further prosecute the appeal.

In addition to what has been said, we find that the written notice of his intention to avail himself of the op-

tion in question, given by appellant to appellees, distinctly rests the act upon the requirement of the judgment and contains no intimation of its being intended as a compromise or settlement of his claim to the lot surrendered to appellee, or as an abandonment of his right to prosecute his appeal, which was granted by the judgment containing the option. It follows from the conclusions we have expressed that appellant's right to prosecute this appeal has not ceased; therefore, the motion of appellees to dismiss the appeal is overruled.

It yet remains to be determined whether the appellee, Sara Washington, had a right of homestead in either of the lots at the time of the levy of the appellant's execution upon them or when they were sold thereunder. And to the decision of this question we will now proceed. No doctrine is better settled in this jurisdiction than that the debtor, in order to be entitled to a homestead exemption in property, of which he is the owner, seized for his debt, must be a *bona fide* housekeeper with a family and in possession of the real estate when levied on by the attaching or execution creditor, claiming it as his homestead; or, if not in possession, his absence from it must be temporary and with the intention to return to and occupy it as a homestead. Moreover, he must have acquired the property prior to the creation of the debt or demand, to satisfy which it is sought to be subjected to sale. Ky. Stats., section 1702; Nichols v. Sennett, 78 Ky. 630; Hensey v. Hensey, 92 Ky. 164; Holder v. Holder, 120 Ky. 802; Carter, Fisher & Co. v. Goodman, 11 Bush 228; Brown & Co. v. Martin, 4 Bush 50; Caldwell, etc. v. Truesdale, 11 R. 726. If the homestead is once acquired the length of the time of absence from it is not so material, but it must be temporary in the sense that it begins and continues with a fixed purpose on the part of the claimant of the homestead to return to the property and occupy it as a homestead. Mattingly v. Berry, 94 Ky. 544; Burch v. Atchison, etc., 82 Ky. 585; Curran v. Culf, Admr., 13 R. 84; Nethercutt v. Herron, etc., 10 R. 247.

We think it sufficiently appears from the evidence furnished by the record that the appellee, Sara Washington, by her purchase of, and removal to, the Thomas avenue lot in 1900 and continued occupancy of same for the two years succeeding the purchase, did acquire a homestead in that property. For she testified that she purchased

it with that purpose and for the two years occupied it as a homestead, and this testimony is not contradicted by any other witness. She and her husband, at the end of their two years' occupancy of the Thomas avenue property, went back to the service and home of their employer, George Clay, with whom they had previously lived, and after remaining with him until 1913 returned to the Thomas avenue property. Notwithstanding their stay of ten or eleven years at Clay's, in view of the testimony of the appellee, Sara Washington, that she left the Thomas avenue property with the fixed purpose to return thereto when her employment by Clay had ceased, we would not be inclined to hold that this long absence from the Thomas avenue property necessarily constituted an abandonment of that property as a homestead; for such absence, as long as it was, cannot be said to be necessarily inconsistent with a fixed purpose on appellee's part to return to her own property as a permanent place of residence when her employment by Clay should cease.

But whatever purpose she may once have entertained respecting her return to the Thomas avenue property as a permanent place of residence, her acts and conduct before leaving the Clay home and following her return to the Thomas avenue property, make it reasonably plain that such purpose had been abandoned before her return thereto. For in giving her testimony she frankly admitted that her purchase of the Hanson street house and lot was made shortly before her removal from Clay's; that the purchase was made by his advice and with a part of $5,000.00, given her by him; and that the $5,000.00 thus given her by Clay is the same money for which the appellant, as his committee, recovered against her the judgment compelling the sale of her two lots under the execution.

She further admitted that her object in buying the Hanson street lot with its two-story dwelling house, was to make of it a home for herself and paralytic husband; that upon leaving the Clay place they would have moved directly to the Hanson street property, but for the fact that a tenant then in possession of it had not removed from it as anticipated, for which reason she and her husband temporarily removed to the Thomas avenue property, taking with them a part of their household effects, having previousely caused the remainder to be

hauled to and left at the Hanson street house. It also appears from Sara Washington's testimony that she and her husband, following their removal thereto, remained in the Thomas avenue property about one month, and until the Hanson street property was vacated by the dilatory tenant, and then removed to the Hanson street property, where they were residing when sued by appellant, and continuously resided, until their surrender of the property to appellant, when he surrendered to them the Thomas avenue property under the option given him by the judgment of the circuit court.

The evidence referred to clearly establishes the following facts, viz.: (1) that whatever homestead right the appellee, Sara Washington, once had in the Thomas avenue lot had been abandoned by and lost to her before the levy of appellant's execution and sale of the property thereunder; (2) that when she removed from the Thomas avenue lot to the Hanson street lot, it was with a fixed purpose to abandon the first property as a homestead and make a permanent home of the second; which purpose, as admitted both by her answer and testimony, actuated her purchase of the latter property before she left Clay's, and was consummated by her subsequent removal to, and occupancy of it; (3) that she had no right of homestead in the Hanson street lot at the time of the levy of the execution because the debt for which the lot was sold was created before the lot or any right of homestead therein had been acquired by her.

While in every case involving a claim to homestead, the question of abandonment, if raised, must be determined by the facts established in evidence in the particular case, in the case before us there is no doubt of the appellee, Sara Washington's, abandonment of her right of homestead in the Thomas avenue property, because the abandonment is admitted by her. It is her claim, however, that her homestead in that lot was by some unaccountable means transferred to the Hanson street lot, or if not so transferred, it reattached to the Thomas avenue lot. According to our interpretation of the statute the homestead of the debtor cannot, by his or her own volition, be thus shifted from one piece of property to another. The right of exemption depends upon the actual purpose and intention of the debtor to use and enjoy the property sought to be exempted as a home for him-

self and family; and the right does not exist where the residence of the debtor is permanently located elsewhere than on the property in which the homestead is claimed. Our view of the law on this question is well stated in 13 Ruling Case Law. 546: "It is clearly a perversion of the spirit and purpose of the homestead exemption to allow a double immunity against the claims of creditors. Hence, it is a rule of universal application that a person cannot lawfully hold two exemptions at the same time; nor can he have two homesteads, either of which, at his election, would be exempt . . . In as much as one person cannot hold two homesteads at the same time, the removal from one homestead elsewhere is conclusive proof of abandonment of the former homestead." To which we would add, provided the removal from the one homestead elsewhere, is made with a fixed purpose on the part of the debtor to abandon as a homestead the property from which he removed and permanently make his home on the property to which he removes; and such is the state of case here presented.

The circuit court, by the judgment appealed from, seems to have sustained appellee's contention that the homestead in the Thomas avenue property was not abandoned by Sara Washington but, to the extent of $1,000.00, its value, was merely transferred by her to the Hanson street property, thereby giving her a right of election, which the law does not permit. A debtor may sell his exempt homestead and invest the proceeds in other real estate, which, if claimed by him and occupied by himself and family as a homestead, cannot be subjected to the payment of his debts. But the case here presented does not rest upon any such state of facts. The Hanson street lot was not purchased with the proceeds of any other homestead, and though avowedly purchased as and for a homestead, was paid for with money otherwise acquired. Its purchase for such purpose and appellees' removal to it as a permanent home, necessarily operated as an abandonment of their homestead in the Thomas avenue property, without having the effect of exempting to them a homestead in the Hanson street property, as it was acquired after the creation of the debt for which it was sold under the execution. Furthermore, appellees' abandonment of their homestead right in the Thomas avenue property rendered it as much subject to the execution debt as was the other property.

The errors shown by the judgment were not cured by the options it gave appellant, as the effect of his availing himself of either option, could but cause the loss to him of a part of the debt sued for. ·

For the reasons indicated the judgment is reversed and cause remanded for such further proceedings as may be consistent with the opinion. The whole court sitting.