## Damron v. Pikeville Grocery Company.

(Decided January 27, 1928.)

### Appeal from Pike Circuit Court.

1. Bankruptcy.—Where bankrupt, prior to bankruptcy, contracted debt for which he gave mortgage on homestead, in which wife did not join or release or waive homestead exemption, and after dis-

charge in bankruptcy he promised to pay indebtedness, he was personally liable for such indebtedness although mortgage was ineffective under Ky. Stats., sec. 1706.

2. Homestead.—Under Ky. Stats., sec. 1706, mortgage on homestead executed by husband was void, where wife did not join in mortgage or release or waive homestead exemption.

MOORE & CHILDERS for appellant.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming in part and reversing in part.

In March, 1921, the appellant, who was then indebted to the appellee, Pikeville Grocery Company, in the sum of $472.89, which indebtedness he later reduced to the sum of $399.89, executed to it a mortgage on a certain piece of real estate which the pleadings herein concede was his homestead. The appellant's wife did not join in this mortgage, nor did she ever release or waive the right of homestead exemption. In June, 1921, the appellant was duly adjudicated a bankrupt in the federal courts and thereafter in due course of time received his discharge in bankruptcy. It is averred in the appellee's pleadings, which averment is not denied by the appellant, that the latter after his adjudication and discharge in bankruptcy again promised to pay the Pikeville Grocery Company the indebtedness which he owed it. This suit was later brought to collect that indebtedness and to foreclose the mortgage securing it. The lower court granted the appellee the relief it sought, and from that judgment this appeal is prayed. Of course, in so far as the court gave a personal judgment against the appellant for the debt sued on, the judgment will be affirmed. The appellant's only defense to this indebtedness was his discharge in bankruptcy, but as he does not deny that after that discharge he again promised to pay the appellee what he owed it, such discharge can no longer shield him.

However, in so far as the judgment adjudged the appellee a mortgage lien on the property in question it will have to be reversed. Section 1706 of the Statutes provides:

"No mortgage, release or waiver of such exemption (homestead) shall be valid unless the same be in writing, subscribed by the defendant and his wife,

and acknowledged and recorded in the same manner as conveyances of real estate; and such exemption in favor of an execution debtor, or one against whom judgment has been rendered, shall continue after his death for the benefit of his widow and children, but shall be estimated in allotting dower.''

In the case of Mattingly's Adm'r v. Hazel, 117 Ky. 397, 78 S. W. 178, 25 Ky. Law Rep. 1483, this section of the Statutes was construed. There a mortgage was executed by a married man on land owned and occupied by him as a homestead. His wife did not join in the mortgage. Thereafter another mortgage was put on the property in question by the owner, in which mortgage his wife did join. Later a question arose as to the priority of liens between these two mortgages, and it was held that the mortgage which was given secondly in point of time was the only one which constituted a lien on the property, since the first mortgage was void under section 1706 of the Statutes because it was not signed and acknowledged by the wife. The mortgage of the homestead here in question was not signed or acknowledged by appellant's wife, and she has never waived the right of homestead in this property, for which reason the mortgage was void under the provisions of the statute quoted.

The judgment of the lower court in so far as it awarded a personal judgment against the appellant is affirmed, but in so far as it awarded a lien on the property in question it is reversed, with instructions to dismiss the appellee's petition in so far as it seeks to assert a lien by virtue of the mortgage set up in its pleadings.