J. B. LITTLEJOHN and wife v. C. J. EGERTON and another.

*Homestead -- Waiver by Husband.*

A husband who by *parol* waives his homestead and by assurances and representations that he never intends to claim his homestead, induces another to purchase the same, is not thereby es-opped from afterwards asserting his claim thereto.

CIVIL ACTION, tried at Spring Term, 1875, of FRANKLIN Superior Court, before *Watts, J.*

The complaint states substantially that the plaintiff J. B. Littlejohn in October, 1868, was seized of a tract of land in Franklin County containing about 930 acres and that during the years 1867–'8, sundry judgments were obtained against him and executions issued thereon and placed in the hands of the Sheriff subsequent to the adoption of the Constitution in 1868. The homestead and personal property exemption were allotted to said defendant on the 28th of November, 1868, in the manner prescribed by an Act ratified August 22nd, 1868; two hundred acres of said tract being set apart as a homestead. On the 30th of November, 1868, the Sheriff sold said tract by virtue of said executions and W. H. Lit-

tlejohn (the son of plaintiff) purchased with notice that said homestead had been allotted, and subsequently sold the land to Yarborough, who sold to Minnitree, who sold to the defendant C. J. Egerton.

That soon after said defendant obtained a deed from Minnitree he demanded possession of the plaintiff, who had remained in possession and occupied the same as a homestead. The plaintiff being advised that he was not entitled to a homestead and apprehending litigation surrendered the possession to the defendant, and that thereafter the plaintiff was advised of his legal rights in the premises and demanded possession of that part of the land set apart as a homestead, although the same had not been allotted by metes and bounds.

The defendants in their anwser insisted that the executions as set forth in the first allegation of the complaint were levied before the adoption of the Constitution of 1868, and created a lien upon said land. They further insisted that the said allottment had not been made as provided for by said Act and alleged numerous irregularities in the proceeding therefor.

The defendants further insisted that plaintiff was not entitled to a homestead by reason of the lien created as aforesaid, and that plaintiff had waived all claim to the same in consideration of a compromise agreed upon between him and certain creditors at or about the time of said Sheriff's sale, with which agreement the plaintiff had failed to comply.

That said compromise was arranged by said W. H. Littlejohn with the consent and approval of his father, the plaintiff, J. B. Littlejohn.

That before buying the property, the defendant was informed by the plaintiff that there would be no difficulty in his getting immediate possession.

That defendant was a *bona fide* purchaser for value without notice of any claim on the part of the plaintiff.

The plaintiff demurred to defendants' answer.

His Honor overruled the demurrer and adjudged that defendants recover costs.

The plaintiffs thereafter, to-wit ; on the 2nd March, 1876, filed a petition for a *Certiorari* which was granted and the case brought to this Court as on appeal by plaintiffs.

*Messrs. A. M. Lewis* and *Busbee & Busbee*, for plaintiffs.

*Messrs. Batchelor & Son* for defendants, cited *McKethan* v. *Terry*, 64 N. C. 25 ; *Mayo* v. *Cotten*, 69 N. C. 289 ; *Miller* v. *L. & L. Co.*, 66 N. C. 503 ; *Mason* v. *Williams*, *Ibid*, 570 ; *Smith* v. *Hunt*, 68 N. C. 482 ; *Blackwood* v, *Jones*, 4 Jones Eq. 54 ; *Gunn* v. *Barry*, 15 Wallace, 610 ; *Sherrill* v. *Sherrill*, 73 N. C. 8.

PEARSON, C. J.   The question presented by the pleadings is this :   Can a husband who by parol waives his homestead and by assurances and representations that he never intends to claim a homestead induces persons to buy the land at full price including the homestead, afterwards change his mind and claim the homestead, or is he estopped by matter *in pais* because the successive purchasers would be injured by his false assurances and misrepresentations ?

The Constitution Art. X § 8, permits a husband to dispose of his homestead *by deed* provided the wife signs the deed "and is privily examined according to law." So the idea of an estoppel by matter *in pais* is out of the question.

We declare our opinion to be that the plaintiffs are entitled to a homestead, but we cannot give judgment or order a writ of possession for the reason that it appears by the complaint that a homestead has not been assigned by "metes and bounds." And the allegations in the answer ; that the assessment was in many respects irregular ; that it is greatly

in excess of the sum of $1000; and that it was not regis-
tered until 1873, after these several sales had been consum-
mated which 'are admitted by the demurrer, show that a
homestead has not been duly assigned.

So we cannot order a writ of possession until the plaintiffs
have the homestead assigned according to law by metes and
bounds and a certified copy is filed in this Court, when the
plaintiffs will have leave to move for a writ of possession.

There is error. The plaintiffs may proceed as they are
advised.

PER CURIAM.                              Judgment reversed.