CASE 6—EQUITY—FEBRUARY, 1883.

# Meguiar, Helm & Co. v. Burr.

### APPEAL FROM LOGAN CIRCUIT COURT.

1. Two joint owners of a tract of land, upon which they both reside in separate buildings, are each entitled to a homestead.
2. The fact that no partition has been made is immaterial.

JAMES H. BOWDEN AND CHAS. S. GRUBBS FOR APPELLANT.

The homestead exemption law of Kentucky gives to a joint tenant no exemption. In the language of the statute, the dwelling-house and appurtenances must be owned by the debtor. (Gen. Stat., ch. 38, art. 13, sec. 9; Thompson on Homestead Exemptions, 181, 182, 189; 6 Allen, 430; 101 Mass., 421; 5 Cal., 245; 26 Wisconsin, 580; 14 Bush, 385.)

L. C. GARRIGUS FOR APPELLEES.

1. The courts of the several States have invariably given a liberal construction to statutes exempting homesteads.
2. As joint owners of the land, each of the appellees has his separate residence upon it, and if one be entitled, both must be so. (Central Law Jour., vol. 6, p. 155; 11 Mich., 358; 22 Ib., 261; 5 Central Law Jour., 275; 36 Vermont, 257; 14 Iowa, 49; 39 N. H., 478; 51 Ib.; Barney v. Leeds, 36 Texas, 663; Freeman on Cotenancy and Partition, sec. 54; Thompson on Homestead Exemption, secs. 183, 187, and 188; General Statutes, secs. 9 and 16, art. 16, ch. 38; 37 Texas, 130; Ib., 429; 41 Iowa, 35; 15 Kansas, 146; 27 Ark., 660.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In this case the two appellees held and owned a joint interest in a tract of land, made up of smaller tracts purchased

Meguiar, Helm & Co. v. Burr.

by the two. They are the owners of the entire estate, and no partition has ever been made. The appellants, who are judgment creditors, are appealing from the judgment below, and say that the chancellor, in subjecting· this land to the payment of their joint indebtedness, had given to each of the debtors a homestead, and this is assigned for error.

The question raised in this case has been decided in different ways by the courts of several of the States, but we think a proper and liberal construction of the statute of this State sustains this judgment. The purpose of the statute is to secure to the unfortunate debtor a home for himself and family; that his family may have a roof to shelter them, although the parent may be involved in debt. Here the debtors are living in separate buildings, erected by each as a home for himself and family, and the only reason that can be urged against the right of exemption is, that the land has not been partitioned. If they had made an agreement marking the line dividing the joint estate, their right would be unquestioned, and it would be extremely technical, in the construction of such a statute as that under which the homestead is claimed, to say that, because the boundary is not defined or the title severed, the right to the homestead, as to one of the joint owners, is gone. Some of the decisions deny the right on the ground that the debtor owns nothing in severalty, and therefore, in allotting the homestead, the chancellor might assign to the particular debtor that portion of the estate that would, in the partition, be assigned to a co-tenant. This difficulty can only arise when the tenants undertake to make partition, and in this the creditor has no interest, unless made with a view of defrauding him.

The interpretation given the statute is in accordance with the legislative will, and a joint owner of the land who is living upon it with his family in a home that he claims and recognizes as his homestead, is such an owner as comes within its humane provisions. (Thompson on Homesteads, page 182; 14 Iowa; 39 N. H.)

Judgment affirmed.