### J. J. BRAUN v. JACOB FOGLE.

[Abstract Kentucky Law Reporter, Vol. 5—607.]

**Exemption of Homestead.**

One entitled to hold a homestead exempt from execution does not waive his right to such exemption by agreeing to pay rent to the purchaser under execution, where he is coerced into making the lease contract.

**Homestead Exemption—How Waived.**

A homestead exemption can only be waived by a writing subscribed by the claimant and his wife, and acknowledged and recorded in the same manner as the conveyance of real estate.

APPEAL FROM PENDLETON CIRCUIT COURT.

January 24, 1884.

Opinion by Judge Lewis:

Appellee and his wife, July 16, 1879, filed a joint petition in this case against appellant to have a homestead allotted to them out of the land in controversy, which they had occupied as housekeepers with a family for more than thirty years before the commencement of this action, and were so occupying before any of the debts were created for the payment of which it was sold under execution.

It is alleged in the answer of appellant, and not denied, that appellee in writing surrendered the land to be sold under the execution, when it was purchased by one Hines, the plaintiff, who transferred his bid to appellee, to whom a deed was made by the sheriff.

It further appears that March 20, 1879, after the sale of the land, appellee by a written contract leased the dwelling-house and a portion of land surrounding it from appellant for one year, agreeing to pay rent therefor. But it is alleged by appellee in his reply, and also proved, that appellant had obtained a writ of possession and placed it in the hands of the sheriff who was about to execute it, and that he, appellee, under protest and by coercion entered into the contract to pay rent.

At the October term of court, 1880, a judgment was rendered determining that appellee and his wife were entitled to the homestead claimed, and directing the master commissioner of court to lay off to them out of the tract land, including the dwelling-house, not exceeding in value $1,000. The judgment, however, was not executed by the commissioner as directed. But at the October term, 1881, he reported to court that the plaintiff, Margaret Fogle, wife of appellee, had died since the April term, 1881, and in consequence of that fact he had not made the allotment as directed in the judgment. An order was then made directing him to make the allotment as previously ordered, which from his report filed at the April term, 1882, it appears was done.

From the foregoing judgment and orders this appeal is prosecuted. It is contended by counsel that appellee's surrender of the land to the sheriff to be sold under the execution, and his contract

28

to lease and pay rent for it after it was sold, amounted to a waiver of his homestead right and that he is now estopped to claim it.

General Statute 1883, ch. 38, art. 13, § 13, explicitly declares that "No mortgage, release, or waiver of such exemption shall be valid, unless the same be in writing, subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyance of real estate," etc. It has been equally as explicitly decided by this court that the homestead is exempted from sale under coercive process. *Brame v. Craig,* 12 Bush (Ky.) 404. *Pribble v. Hall,* 13 Bush (Ky.) 61.

If it were necessary to speculate as to the reason that induced the legislature to require the same formality in the relinquishment of the homestead right that is · required in the conveyance of real estate, an illustration of the wisdom of the law is afforded in this case, where an old man, intimidated by the coercive process of a writ of possession and ignorant of his rights, is induced to lease and agree to pay rent for land he was in possession of and the law permitted him to hold as his own. Neither the surrender of the land to the sheriff nor the contract to lease it was subscribed by the wife of appellee or acknowledged by either of them and recorded. Consequently neither of them is valid or effectual to deprive appellee of his homestead.

It is alleged in the petition and not denied that appellee and his wife were housekeepers with a family, and it therefore can not be assumed that when his wife died he was left without a family, and consequently the court did not err in directing the judgment already rendered to be executed and homestead allotted to him after she died.

Judgment *affirmed.*

*Clarke & Applegate,* for appellant.

*C. H. Lee,* for appellee.