CASE 71—PETITION EQUITY—October 9.

# Johnson v. Kessler, &c.

### APPEAL FROM PULASKI CIRCUIT COURT:

HOMESTEAD.—Where husband and wife own jointly property in which a right of homestead exists, the husband, as against his debt, is entitled to have the entire homestead allotted to him out of his interest. The wife's interest can not be required to contribute to make up the homestead which the statute exempts to the husband out of his property.

MORROW AND NEWELL FOR APPELLANT.

Where land is held jointly by husband and wife; the whole must contribute to make up the homestead exemption to the husband. (Giblin v. Jordan, 6 Cal., 417; Lowell v. Shannon, 60 Iowa, 713; Miles v. Hall, 12 Bush, 105-9.)

CURD AND WADDLE FOR APPELLEE.

When the husband and wife own jointly property occupied as a homestead, the husband's homestead exemption must be carved out of his interest only.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellees, J. F. and Susan Kessler, are husband and wife. Prior to the creation of the appellant Johnson's debt upon the husband, they owned jointly, by inheritance from their deceased daughter, a house and lot, which does not admit of division without sacrifice. The wife is not liable for the debt nor is her property. During the pendency of the suit in the lower court the entire property was, by agreement of parties, sold, the proceeds to remain the subject of the litigation. It brought seventeen hundred dollars. It is agreed that it was worth no more.

It is conceded that a right of homestead in the property existed. The appellee, J. F. Kessler, occu-

pied it as a housekeeper with his family prior to the creation of the appellant's debt, and continued to do so up to the time of this effort to subject it to its payment.

The question presented is, whether the homestead is to be carved out of the entire property, or whether the wife is entitled to her interest, leaving the residue subject to the homestead right. In other words, must each joint owner's interest contribute in such a case to the making up of the homestead?

In the case of Miles, &c., v. Hall, &c., 12 Bush, 105, it was held that where a widow owned in her own right one-fourth of a tract of land upon which was situated the dwelling, occupied by her husband when he died as a homestead, she was entitled to land, including the house, worth one thousand dollars, as a homestead; but that her own interest in the land thus allotted must be estimated as part of the exemption.

An examination of the case of Giblin v. Jordan, 6 Cal., 416, shows that it was not there decided, as claimed, that where land is owned by a husband, wife and child, as tenants in common, all of it must contribute to make up the homestead; but merely that land so held was not subject to homestead right under the laws of that State; and that the relation of the parties in that particular case did not alter the rule.

In Lowell v. Shannon, &c., 60 Iowa, 713, the dwelling was on the wife's land, contiguous to land owned by the husband, both tracts being occupied as a homestead. It was held that she could claim a homestead carved in part out of her own land, and in part out of that of her husband.

These cases are unlike this one. We have referred to them, as they are relied on by counsel. The first and last one cited relate to the allotment of a homestead to the widow; and our statute provides that it must include the dwelling-house.

Here the wife of the debtor owns an undivided half of the property, and he owns the other half. Our statute allows an exemption of "so much land, including the dwelling-house and appurtenances, *owned by the debtor*, as shall not exceed in value one thousand dollars;" and it is to be "set apart to *him*."

It is an exemption of the debtor's property against his debt. It is true, the right to the homestead attaches to the widow upon the husband's death, so long as she occupies it; and that any mortgage, release or waiver of the exempted homestead is not valid, unless it be in writing, subscribed by the debtor and his wife, and acknowledged and recorded in the proper office; but the exemption during the debtor's life-time is to him. He may make an absolute disposal of the homestead.

It is an exemption to him out of his property. There is no need of any exemption of the wife's property, because it is not liable for his debts. He is the housekeeper, and the exemption is to him, that as the head of the family he may provide it with a house.

If, where property is owned jointly by the husband and wife, the homestead, which the law gives to the husband, be taken partly from her interest, then she would be compelled to contribute to an exemption to him, not allowed out of his own property. In such case, upon the death of the husband, would the wife

own any portion of the homestead in fee, or merely have a qualified or conditional interest in it?

The exemption is to *him;* against *his* debt; out of *his* property; and it follows that the interest of the wife can not be made to contribute to it.

The voluntary conveyance by J. F. Kessler to his wife of his undivided interest in the property, although made subsequent to the creation of the appellant's debt, cuts no figure, inasmuch as the homestead exemption was upon such portion only, and not being worth one thousand dollars, it was exempt and beyond the reach of his creditors.

Judgment affirmed.