Spratt v. Allen.

---

CASE 30—HOMESTEAD—MAR 21.

## Spratt v. Allen.

APPEAL FROM BATH CIRCUIT COURT.

1. HOMESTEAD IN LANDS DESCENDED.—A *bona fide* housekeeper with a family who acquires land by descent is entitled within a reasonable time after the death of his ancestor to build a residence and move on to the land and his right to a homestead

will be superior to the claim of an antecedent creditor who had an execution levied on the land before the erection of the improvements.

2. SAME.—A husband is not entitled to a homestead in his wife's land prior to the latter's death; and the fact that he occupied same for that purpose prior to the acquisition of lands by descent will not preclude him from claiming a homestead in lands so acquired.

REUBEN GUDGELL & SON FOR APPELLANT.    (J. J. NESBITT OF COUNSEL.

1. The court erred in refusing to adjudge that the appellant was entitled to a homestead in the land descended from his mother. Dwelly v. Galbraith, &c., 5 Ky. Law Rep., 209; Jewell v. Clarke, 78 Ky., 388; Miller v. Bennett, 11 Ky. Law Rep., 391; Meador v. Meador, 10 Ky. Law Rep., 784.

2. The appellant was not entitled to a homestead in the land of his wife while the latter was yet living. Summers v. Sprigg, 18 Ky. Law Rep., 206.

3. The appellee failed to show a legal title to the land. The levy of the execution created a mere lien. Ky. Stats., sec. 1692; Morton v. Robards, 4 Dana, 258; McBurnie v. Overstreet, 8 B. M., 300; Sharp v. Roe, 13 Bush, 461; Bunnell v. Thompson, 12 Bush, 118.

COURTLAND P. CHENAULT ALSO FOR THE APPELLANT.

1. The appellant had no right to a homestead in the land of his wife.

2. The statute provided that a homestead right did not prevail over a debt existing prior to the purchase of land or the erection of improvements has no application to land inherited and not purchased.

  Citations:    Jewell v. Clarke, 78 Ky., 398; Dwelly v. Galbraith, 5 Ky. Law Rep., 209; Miller v. Bennett, 11 Ky. Law Rep., 391; Meador v. Meador, 10 Ky. Law Rep., 784; Johnson v. Kessler, 87 Ky., 458; Summers v. Sprigg, 18 Ky. Law Rep., 206.

C. W. GOODPASTER FOR THE APPELLEE.

  Inasmuch as appellant owns a curtesy in his wife's 135 acres of land which they had used and occupied as a homestead, prior to the death of the appellant's mother, appellant was entitled to a homestead in that land and not in the land

inherited from his mother. Vanmeter v. Vanmeter's Assignee, 12 Ky. Law Rep., 215.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant, Spratt, is a son of Mary A. Spratt, who died March 10, 1896, seized and possessed of a tract of land containing 105 acres, near Sharpsburg, and he inherited from his mother one-twelfth of it. At the time of her death he was living on a tract of land owned by his wife, and on April 1st following he moved with her upon the 105-acre tract, and lived in the house formerly occupied by his mother, until the tract was partitioned, which occurred in the course of a few months, and there was assigned to him 11 acres. He built a house upon the land, and moved into it five days after it had been assigned to him, and now claims it as his homestead. His interest in the land was sold under an execution in favor of the appellee whilst he lived upon it, though the execution was levied upon it March 10, 1896. The debt upon which the judgment was rendered was one which existed prior to the death of his mother. His wife continued to own the tract from which they had moved. The appellee instituted a proceeding to recover possession of the land, and claimed it under a purchase at the execution sale. The appellant denied his right to recover possession, and in his answer the facts appear which we have stated. To that answer the court sustained a demurrer, and rendered judgment against him in favor of the appellee for the possession of the land.

The fact that the debt for which the appellant's land was sold was contracted prior to his mother's death does not deprive him of the right to claim it as a homestead. The statute is to the effect that a party is not entitled to claim a homestead against a debt or liability which existed prior to the *purchase of the land, or the erection of the improvements thereon.*

It was held in Jewell v. Clark's Ex'r, 78 Ky., 398, where a party acquires land *by descent*, and not by *purchase*, he is entitled to claim a homestead in it against pre-existing debts.

Dwelly v. Gailbraith, 5 Ky. Law Rep., 209, is to the same effect.

In Miller v. Bennett, 11 Ky. Law Rep., 391, [12 S. W., 194], it appeared that the land had descended to the debtor from his father; that about four months after his father's death, and about ten days after the partition of the land in which he had an interest, he moved upon it, and resided there with his family—the court holding that he was entitled to a homestead against one who had purchased his undivided interest at a sale under execution prior to his occupancy, and that the delay in moving upon the land was not unreasonable.

One to whom land descends has a reasonable time after he thus acquires an interest in it to move upon it and claim a homestead therein.

The views we have expressed are supported by Meador v. Meador, 88 Ky., 27, [10 S. W., 651].

It is, however, insisted that because the wife of the appellant owned a tract of land containing 135 acres, worth $40 per acre, from which he moved to the land in contest, he is not entitled to a homestead in it. His wife still lives, and he is not entitled to a homestead in her land during her life. It is only at the death of the wife, if at all, that a husband can claim a homestead in her land. Whilst the wife lives the husband is no more entitled to have assigned to him out of her land a homestead, as exempt from the payment of his debts, than he would out of that owned by anybody else. Summers v. Sprigg, 16 Ky. Law Rep., 206, [35 S. W., 1033].

The exemption which the law gives him is of his own property, not that of his wife. Her property is not liable to the payment of his debts. Johnson v. Kessler, 87 Ky., 460, [9 S. W., 394].

Counsel for appellant relies upon the case of Vanmeter v. Vanmeter's Assignee, 12 Ky. Law Rep., 214, [13 S. W., 924], to sustain his position. If Vanmeter's wife was living at the time the homestead was assigned to him, the case is utterly inconsistent with the principles announced in the cases cited above, and disregards the statute which allows a husband who is a *bona fide* housekeeper with a family a homestead out of his own land. The demurrer admits the facts to be true, and from them, as they appear in the answer of the appellant, he is entitled to hold the 11 acres of land as a homestead. The judgment is reversed for proceedings consistent with this opinion.