NEWMAN *v.* JACOBSON.

Opinion delivered May 12, 1913.

HOMESTEAD—ABANDONMENT—MORTGAGE.—L mortgaged his homestead to N, but his wife did not join in the conveyance. *Held,* under section 3901 of Kirby's Digest, which provides that no mortgage affecting the homestead of any married man, shall be valid except for taxes, laborers' and mechanics' liens, and the purchase money, unless the wife joins in the execution of the instrument and · acknowledges the same, the mortgage is void, although L subsequently abandoned the property mortgaged as his homestead.

Appeal from Saline Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*A. J. Newman,* for appellant.

*Charles Jacobson,* for appellee.

1. The property being a homestead, the mortgage is void because of the nonjoinder of the wife in its execution. Kirby's Dig., § 3901; 57 Ark. 242; 86 Ark. 397; 90 Ark. 115; 91 Ark. 110.

2. Appellant obtained no vested rights under the Walker transactions. The purchase price was never paid. No deed was ever delivered.

SMITH, J. Esko Lawhon owned, and with his wife, Fannie, and seven children, occupied as their homestead, the west half of the southeast quarter of section 4, township 2 south, range 12 west, in Saline County, and had owned and occupied it as such for a number of years, and owned no other real estate. He was indicted by the grand jury of that county, and he undertook to employ appellant to defend him at his trial, and he negotiated with him in regard to making a bond for his appearance at his trial, and finally it was agreed that appellant should be paid a fee of $200, and that appellant would sign the appearance bond, and to secure the payemnt of his fee and to indemnify him against loss upon signing this bond, Lawhon executed a mortgage on the property above described on the 31st day of October, 1910. Mrs. Lawhon did not sign this mortgage, and her testimony is that she knew nothing about it until some time after its execution by her husband; she and her husband continued to reside

on the place for some time after the execution of this mortgage, and until Lawhon disappeared just before the time for his trial. Mrs. Lawhon remained on the property after her husband's disappearance until the 2d day of February, 1912, at which time she removed to Little Rock.

After the execution of the mortgage to Newman, Lawhon and his wife executed a mortgage to appellee, and there were other transactions between Lawhon and appellee and other considerations alleged to have been paid by appellee to Lawhon in consideration of which a deed, dated the 10th day of November, 1911, was executed to appellee, and afterwards recorded. This suit was filed by appellee in the chancery court of Saline County to quiet the title in him, alleged to have been conveyed by said deed, and appellant was made defendant, and it was alleged that the mortgage in his favor was void for the reason that the property mortgaged was Lawhon's homestead; and that Lawhon's wife had not joined in its execution. It appears from the evidence that Esko Lawhon had not in fact executed or acknowledged the deed to appellee, but that one W. A. Lawhon, a brother of the said Esko Lawhon, had appeared before the acknowledging officer and impersonated his brother, and had undertaken to acknowledge the deed for him. Appellant filed an answer and cross complaint upon which the cause was finally heard, and in it he alleged that when Esko Lawhon executed said mortgage to him, he was told that the property was not his homestead, and that he owned two other tracts of land, one of which consisted of forty acres near Sweet Home in Pulaski County, which was in fact his homestead; and that he was going to move on it as soon as he had some improvements done on it; and that it thereafter would be his homestead, and he thereupon alleged that the Lawhons were estopped from claiming said property as a homestead to avoid payment of his fee, and the indemnity from liability on the bond which he had signed. It was also alleged in the cross complaint, and proof tended to sustain the allegation, that Newman frequently called upon Lawhon to have his wife join in

the execution of this mortgage, and that at first it was promised that this should be done, but later an agreement was made that Lawhon should sell and convey the land to one J. S. Walker for the consideration of $700 in cash, of which sum $200 should be paid appellant for his services, and the remaining $500 deposited to indemnify him against liability upon the bond. In accordance with this agreement, Lawhon and his wife executed a deed to Walker for the recited consideration of $700, and delivered it to W. D. Brouse, an attorney at Benton, with directions to deliver the deed and collect the money when he had examined and approved the title, but the title was not approved and the money was not collected and the deed was never delivered, but was destroyed. Appellant insists that he has such rights under this agreement to sell to Walker as entitles him to have a lien declared in his favor upon the land for the amount of his fee and his liability on the bond. Without considering other objections that might be made to this statement of the law, it is sufficient to say that the arrangement for the sale of the land to Walker was never consummated.

Nor do we think appellant's contention that Lawhon had either abandoned his homestead, or had estopped himself from denying his abandonment, is sustained by the evidence. It appears from the recitals of the decree that Lawhon was never served with process, yet his wife appeared and answered and alleged the mortgage was invalid because of her nonjoinder in its execution, but the chancellor held that it was not necessary to have Lawhon before the court to dispose of the rights of the parties.

Section 3901, of Kirby's Digest, is as follows: "No conveyance, mortgage or other instrument affecting the homestead of any married man shall be of any validity except for taxes, laborers' and mechanics' liens, and the purchase money, unless his wife joins in the execution of such instrument and acknowledges the same."

It has been held that this section does not restrict the right of abandonment, and that where the owner of

the homestead does abandon, it is thereafter subject to sale like other property belonging to the husband. *Stewart* v. *Pritchard,* 101 Ark. 104. And we might add that after its abandonment, it is subject to conveyance like any other property belonging to the husband. In the case of *Farmers Building & Loan Assn.* v. *Jones,* 68 Ark. 79, it was said: "While the act of the Legislature of March 18, 1887, is a limitation upon the right of the husband to convey his homestead, except by the consent of his wife, it does not in any manner affect or restrict his right of abandonment. This right he has by virtue of his marital and parental authority, and when he has chosen to exercise it he renders the property which had formerly been his homestead the proper subject of alienation without his wife's concurrence." But there is no estoppel here for the reason that Lawhon was living on the land with his family at the time of the conveyance to appellant, and appellant had knowledge of that fact, although he says he was expecting Lawhon to move to Pulaski County and occupy a tract of land there as his homestead as soon as he had made certain improvements on it. The proof does not establish that Mrs. Lawhon was a party to this representation or knew anything about it having been made. Nor does the fact that, subsequent to the date of this mortgage, Lawhon abandoned the homestead operate to cure the defective conveyance of it, for in the case of *Pipkin* v. *Williams,* 57 Ark. 242 (quoting the syllabus), it was said: "When a married man conveyed his homestead by a deed which is invalid by reason of the nonjoinder of his wife in its execution, and with his family abandons the lands as a homestead, the invalidity of the conveyance is not cured by the subsequent abandonment   \*   \*   \*."

The chancellor found that appellee was not entitled to have his title quieted for the reason that his deed was a forgery, and he dismissed the complaint and held that appellant's mortgage was void because of nonjoinder of the wife, and he also refused to decree a lien in favor of appellant for the amount of his fee and liability on the bond, and the costs were apportioned in accordance

with that finding, and we think that the law and the testimony warrant his finding, and the decree is accordingly affirmed.