# Cincinnati, New Orleans & Texas Pacific Railway Company v. Black.

(Decided January 28, 1914.)

## Appeal from Jefferson Circuit Court.

1. Railroads—Injury to Employee in Moving Freight—Question for Jury.—When the size, weight and shape of a package was proven to a jury, and the circumstances under which the package was to be carried, the jury could intelligently judge whether two men could carry it with reasonable safety.

2. Evidence—Question for Jury.—Where intelligent men may reasonably differ as to the inference to be drawn from the facts, the question is for the jury although there may be practically no dispute about the facts.

JOHN GALVIN, R. A. THORNTON and N. L. BRONAUGH for appellant.

ROBERT J. DENNY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Fleming Black was in the service of the Cincinnati, New Orleans & Texas Pacific Railway Company at Nicholasville as a freight porter. Next to the depot there is the house track, next the main track and beyond this is the passing track. The main track is ballasted with stone; the side tracks with cinders; and between the tracks there is a depression. A freight car was standing on the passing track from which freight was to be removed to the depot about twenty-five feet distant, and across the main track and the house track. The conductor of the train and the station agent were in the car. Fleming Black and a brakeman were carrying the freight from the car over to the depot, the conductor bringing it to the door of the car, and they were receiving it from him. They had carried over one barrel; the conductor rolled a barrel of paint to the door of the car. Some one asked about the weight; he replied, "It is not heavy, they can handle it." He then pushed the barrel out of the car, and they took hold of it. As they were going out of the depression between the house track and the main track, and were going up the incline, in some way Fleming slipped or stumbled; he fell and the barrel fell on his

leg breaking it. He brought this suit to recover for his injuries on the ground that the defendant was negligent in not furnishing a sufficient number of men to handle the barrel with reasonable safety, and in assuring him that two men could handle it when in fact it was too heavy for two men to handle with safety. On a trial of the case the court refused to instruct the jury peremptorily to find for the defendant and instructed them in substance that if the barrel was too heavy for two men to handle with reasonable safety, and this was known to the defendant's employees directing the unloading of the freight, or could have been known to them by the exercise of ordinary care, and the plaintiff did not know this and could not have known it by ordinary care, they should find for the plaintiff, and unless they so believe, they should find for the defendant. The jury found for the plaintiff in the sum of $300. The court entered judgment on the verdict; the defendant appeals.

According to the proof for the plaintiff the barrel weighed 400 or 450 pounds; according to the proof for the defendant, it weighed 340 pounds. It was not a full size barrel, but contained thirty gallons of paint. It is earnestly insisted that the plaintiff did not introduce any proof to show that two men could not safely carry such a barrel, and that all the proof shows that the injury to the plaintiff was caused by his own stumbling or slipping on the ballast. But if he had not been overloaded this might not have occurred. A person who is overloaded will stumble when one who is not overloaded will walk safely, and it was a question for the jury what was the proximate cause of his falling and the barrel falling on him. It is true he introduced no evidence by any witness to the effect that two men could not safely carry such a barrel on such ground; but the nature of the ground and the nature of the package were both fully shown to the jury by the evidence and the jury were practical men, and as qualified to determine when such a barrel could safely be carried by two men as any of the witnesses who were introduced on the trial. In Dolfinger v. Fishback, 12 Bush, 480, this court thus stated the rule as to when a peremptory instruction should be given:

"The rule upon this point seems to be that where there is no room for honest difference among intelligent men as to whether the conduct of the defendant was that of an ordinarily prudent man, in view of all the facts and circumstances surrounding him, the question may be

decided by the court as one of law. But where, although the facts are undisputed, the court is unable to say that there is no room for honest difference of opinion as to the conduct of an ordinarily prudent man under the circumstances, but that question is to be decided upon inferences to be drawn from the facts already established, those inferences must be drawn by the jury, unless they are certain and incontrovertible.''

Here although the facts are practically undisputed, we can not say that there is no room for honest difference of opinion under the circumstances, and, therefore, conclude that the question was properly left to the jury.

The court did not err to the substantial prejudice of appellant in failing to instruct the jury that the plaintiff assumed the ordinary risks of the business, and could not recover if his injury was due to one of these; for under the instructions which the court gave, there could be no recovery unless the injury was by reason of the defendant's negligence; this was not included in the ordinary risks of the business; and in view of the second instruction given by the court which was the converse of the first, the jury could not have misunderstood the law of the case.

Judgment affirmed.