## Bynum v. Bailey's Administrator, et al.

(Decided March 26, 1926.)

### Appeal from Graves Circuit Court.

Estoppel—Purchaser, who Induced Vendor's Heirs Not to Sue When he Defaulted in Payment of Purchase Price, Held Estopped to Sue for Breach of Warranty.—Purchaser, after default in payment of purchase price of certain land, which had been mortgaged by vendor, held estopped to sue for damages for breach of warranty when mortgagee ejected him, where heirs and administrator of vendor had not prosecuted claim against him to judgment, because he represented that he would not attempt to pay balance

of purchase price, nor claim anything on such warranty, but would surrender land.

HESTER & HESTER for appellant.

HOLIFIELD, GARDNER & McDONALD for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Bynum, instituted this action in the Graves circuit court against the heirs of Bailey to recover damages for breach of warranty of title to lands from which he had been ejected.

A former judgment in this case was reversed by this court, the opinion being found in 205 Ky. 384, to which reference is made for a statement of the facts.

Bailey owned a tract of 183 acres of land which he had mortgaged for $7,000.00 to the Prudential Insurance Company, and also to a bank in Mayfield for $700.00, and later sold to Bynum for $9,500.00, only $300.00 in cash being paid by Bynum to Bailey, the remainder being evidenced by purchase money notes secured by a lien on the land. Bynum also put up as collateral to his notes three $1,000.00 lien notes executed to him by one Rhodes for land. The notes from Bynum to Bailey each contained a precipitating clause. When the first one became due Bynum defaulted. In the meantime Bailey died, and the price of farm lands in Graves county had shrunken very materially. Mrs. Bailey, wife of the vendor, as administratrix, importuned Bynum to pay the notes. He declined to do so, in substance saying that he would not be able to pay for the land and would have to abandon it. The opinion delivered upon the first appeal contains the following:

> "As the Baileys did not undertake to enforce their purchase money lien against the land sold to Bynum until after he had been ousted from the possession thereof by a prior mortgage there was a breach of the covenant of warranty and this must of necessity have carried with it nominal damages if not more, depending upon the proof, unless Bynum by his speech and conduct estopped himself to insist upon a recovery as pleaded and claimed by the Baileys, the judgment failing to award damages.

"If, as contended by the Baileys, they were led to believe, by the acts and speech of Bynum, that he was going to abandon his purchase and surrender the land because he could not pay for it, and would move off of it and allow the purchaser at the decretal sale to take charge, then on equitable grounds Bynum should not be alowed to take advantage of the deception practiced by him, if any, and now claim damages for breach of warranty, when if he had made such demands in the first place the Baileys would have prosecuted their claim against Bynum to judgment and saved themselves from liability to Bynum on the warranty of title."

On a return of the case to the lower court the parties were afforded an opportunity to take additional evidence, and did so, and when this evidence was made a part of the record and the case submitted, the court adjudged that "the plaintiff, G. L. Bynum, by his speech and conduct estopped himself to rely upon his warranty and covenant included in his deed, and to insist upon a recovery of damages in this case," and dismissed his petition. From that judgment this appeal is prosecuted by Bynum.

The evidence heard upon the last trial is abundantly sufficient, it seems to the court, to establish and to warrant a court in finding that Bynum deliberately attempted to mislead and deceive the administrator of Bailey and the Bailey heirs by his acts, speech and conduct, into believing that he intended to surrender the lands purchased by him from Bailey, and would not attempt to pay the balance of the purchase price or to claim anything upon the general warranty of title embraced in the deed from Bailey to him; that he would move off and surrender the lands to the Baileys without further claim. In effect that is just what the chancellor found by his judgment from which we have quoted. That being true Bynum was not entitled to take advantage of the situation which he created by his deception, if deception it was.

We find no error in the judgment dismissing appellant Bynum's petition, and it is affirmed.

Judgment affirmed.