# Farmers' & Merchants' Bank of Elkton, et al. v. Bagby, et al.

(Decided February 7, 1928.)

## Appeal from Todd Circuit Court.

1. **Fraudulent Conveyances.**—Where value of land of which husband and wife were joint owners was not more than $4,000, and there was lien against husband's half interest for $1,050, and under Ky. Stats., sec. 1702, he was entitled to claim homestead in land not to exceed in value $1,000, his conveyance of his interest to his wife, though probably fraudulent, could not have been subjected to his debt, and hence could not be attacked by creditors, since, if homestead had been allowed out of his property, he had no interest subject to debts.

2. **Appeal and Error.**—If the conclusions of the chancellor are correct, although the reasons for his conclusions are unsound, his judgment will not be disturbed.

SELDON Y. TRIMBLE for appellant Farmers' & Merchants' Bank.

W. B. REEVES, Jr., for appellant Moss.

PETRIE & STANDARD for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellees are husband and wife. The appellee, Willie A. Bagby, wife of Gid Bagby, is the mother by a former husband of J. E. Harrison. The note sued on for $2,000 was executed by J. E. Harrison to the Farmers' & Merchants' Bank, with Gid Bagby as a surety or joint obligor on the note. The note was originally executed prior to 1922. J. E. Harrison was further indebted to that bank, with Gid Bagby as surety or joint obligor, in the sum of $2,000, which debt was created in 1923. Harrison and Bagby were likewise indebted to W. H. Moss in the sum of $1,000, bearing date March 16, 1923, and they were likewise indebted to the Bank of Elkton in the sum of $483, which indebtedness was created in January, 1923. The above notes, aggregating $5,483, were unsecured debts.

J. E. Harrison was a merchant in Todd county. He purchased a stock of goods from one R. T. Kirkman, executing his note in payment therefor. In the spring of 1926 Kirkman sued Harrison, taking out an attachment, which he caused to be levied on the property of Harrison.

About that time Harrison departed from Todd county, and his whereabouts since have been unknown. His creditors filed a petition of involuntary bankruptcy against him, and his estate was settled through the bankruptcy court, paying only 7 cents on the dollar.

On the 15th day of April, 1924, Gid Bagby executed a deed of conveyance to his wife, Willie A. Bagby. This deed was lodged for record on the 19th day of May, 1926, after the attachment had been sued out against Harrison, and after the institution of the bankruptcy proceedings. The consideration as expressed in the deed is $1 and other valuable considerations, and further that Willie A. Bagby should assume the payment of one note, held by the Bank of Elkton, in the sum of $1,000; also balance on one note of $1,500, held by Mrs. Lee Duvall. These two notes were secured by a lien on the property conveyed to Mrs. Bagby by her husband. At the time of the institution of this suit the amount of these two notes was $2,100. The land conveyed to Mrs. Bagby by her husband was a half interest in the land described in the deed, as he and his wife were the joint owners of the land.

In July, 1926, the appellant filed its petition, seeking to vacate the deed on the ground that it was fraudulent. At the same time an attachment was issued against Gid Bagby and levied upon all the lands described in the deed. W. H. Moss also filed his suit, attacking the conveyance as fraudulent.

It is claimed by appellees that the deed of conveyance executed by Gid Bagby to his wife was not fraudulent. He was in poor health at the time, and, in expectancy of an early death, he conveyed the property to his wife. At the time he executed the conveyance he testified that he did not know that he was indebted on these notes, as he was under the impression that Harrison had paid them. Mrs. Bagby testified that she did not know anything about the debts of her husband.

Measuring the facts in this case by the law as announced in the case of Com. v. Filiatreau, 161 Ky. 434, 170 S. W. 1182, and as applied in the case of Allen v. Ligon, 175 Ky. 767, 194 S. W. 1050, and the case of Stewart v. Wheeler, 220 Ky. 687, 295 S. W. 991, the conveyance was probably fraudulent. However, as the matter appears to us a determination of that particular question

is not necessary to a determination of the correctness of the judgment of the chancellor. If the conclusions of the chancellor are correct, although the reasons for his conclusions are unsound, his judgment will not be disturbed.

The proof in this case shows that the value of the property may have been no more than $4,000. Gid Bagby testified that the land was worth $4,000. Mrs. Bagby testified that it was worth $4,000. They are both interested parties. W. H. Moss testified that it was worth $5,000, but he is also an interested party. R. T. Kirkman testified that it was worth from $4,000 to $5,000. No other witnesses appear to have testified about the value of the tract of land. The preponderance of the evidence shows that it was not worth more than $4,000. Gid Bagby owned a one-half undivided interest, which was of the value of $2,000. There was a lien against his half for $1,050, leaving an unincumbered balance of $950. Gid Bagby was a bona fide housekeeper with a family, and under the provision of section 1702, Ky. Stats., he was entitled to claim a homestead in his land, not to exceed in value $1,000. In the case of Johnson v. Kessler et al., 87 Ky. 458, 9 S. W. 394, 10 Ky. Law Rep. 429, the question was presented as to whether a homestead shall be carved out of the entire property where it is owned jointly by the husband and wife, or whether it shall be carved entirely out of the husband's interest in the property. The court held that the homestead exemption was to the husband and against the husband's debts, and that the interest of the wife could not be made to contribute to the homestead, as it would be in effect taking her property to discharge the debt of her husband. To the same effect is the case of Spratt v. Allen, 106 Ky. 274, 50 S. W. 270, 20 Ky. Law Rep. 1822. If the husband is allowed his homestead out of his half of the property, he had no interest subject to the debts sued on, although it may have been adjudged by the chancellor that the conveyance to his wife was fraudulent. This is on the assumption, of course, that the entire property was worth approximately $4,000.

Judgment affirmed.