## Hensley et al. v. Lovely.

(Decided Oct. 24, 1933.)

E. C. HYDEN for appellants.

A. H. PATTON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Joseph Lovely became surety on the bond of Robert Hensley superseding a $500 judgment entered against him in a slander suit. The appeal was dismissed with damages. Execution issued and was levied on Lovely's property and he satisfied the judgment by paying $795.45. Hensley and his wife owned jointly certain property in a suburb of Jackson on which they lived. While the execution was out, Hensley made a deed to his one-half interest in the property to his wife.

Lovely promptly instituted suit to have the conveyance set aside as fraudulent against the creditors, including himself. The defense was that the property had been paid for by Mrs. Hensley with her individual funds and that through the duress of her husband she had been compelled to accept the deed to them jointly and he was but putting the title where it should have been all the time. There was some evidence tending to support the claim, but all the circumstances justify the conclusion that it was a fraudulent conveyance within the terms of section 1907a, Statutes, and should be and was properly set aside.

The defendants also set up a homestead right. This was controverted by the plaintiff, who pleaded an estoppel against them to make such claim. The court sustained the plaintiff and held the defendants to be estopped. Upon this point the evidence is that as an inducement to Lovely to sign the bond, Hensley and his wife both told him their farm was worth $3,000 and they would spend it and would not claim homestead rights. This was denied. The meager character of evidence to the side, we are of opinion that, accepting the statement to be true that they agreed not to claim homestead, the estoppel cannot be sustained as a matter of law.

Hensley had a homestead in the property. Though there is some conflict in authority affecting homestead rights in property jointly owned or owned in common (29 C. J. 848), in this jurisdiction the humane provisions of the exemption statutes are construed as entitling such an owner to homestead rights, especially if the property be held jointly by the husband and wife. Section 1702, Statutes; Meguiar v. Burr, 81 Ky. 32, 4 Ky. Law Rep. 659. The homestead is in the husband as the head of the family and attaches to his undivided interest therein. Johnson v. Kessler, 87 Ky. 458, 9 S. W. 394, 395, 10 Ky. Law Rep. 429; Farmers' & Merchants' Bank v. Bagby, 223 Ky. 29, 2 S. W. (2d) 1033.

But as general creditors have no claim upon the homestead of the debtor, it naturally follows that its conveyance by him cannot as a rule be fraudulent against them. Therefore, the conveyance by Hensley to his wife, in so far as that privilege or right is concerned, was valid and vested the homestead in her, putting it beyond the reach of his creditors. Mount v.

Fourth Street Bank, 156 Ky. 503, 161 S. W. 220; Morton v. Young, 173 Ky. 301, 190 S. W. 1090; Smith v. Fourth Street Bank, 174 Ky. 647, 192 S. W. 643; Reynolds v. Sizemore, 233 Ky. 122, 25 S. W. (2d) 48.

Section 1706 of the Statutes prescribes that no release or waiver of homestead exemption shall be valid unless the same be in writing, subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate. This is so clear that it requires no judicial interpretation. A strict application of the statute has been made in construing several writings purporting to convey a homestead by holding that the exemption can be waived only in the manner pointed out. Mattingly's Adm'r v. Hazel, 117 Ky. 397, 78 S. W. 178, 25 Ky. Law Rep. 1483, and cases therein cited; Weir's Trustee v. Weir, 138 Ky. 788, 129 S. W. 108. See also 29 C. J. 952, 959.

But whether the rule of equitable estoppel may be enforced is our specific problem. We are not concerned with questions of abandonment, waiver, or estoppel where the owner was at the time not in actual occupancy of the property and represented that it was not subject to homestead. Though some courts hold otherwise (29 C. J. 958; 13 R. C. L. 662), we think it may be said as a general rule—especially where the exclusive mode in which a waiver or release is prescribed by statute, and where the homestead is regarded as it is in this jurisdiction—that so long as the owner is in occupancy of the property no parol declaration, or perhaps no sort of conduct, on his part can estop him from claiming the exemption because those dealing with him cannot ignore the notice conveyed by his actual use. Kingman v. Higgins, 100 Ill. 319; McDowell v. Northcross (Tex. Civ. App.) 162 S. W. 13; Llewellyn v. First National Bank (Tex. Civ. App.) 265 S. W. 222; Berry v. Meir, 70 Ark. 129, 66 S. W. 439; Newman v. Jacobson, 108 Ark. 297, 158 S. W. 134; McNair v. Fortner, 149 Ga. 654, 101 S. E. 772; Powell v. Powell, 159 Ga. 837, 127 S. E. 117; Cf. Hensley v. Morgan, 193 Ky. 718, 237 S. W. 370, and Bynum v. Bailey, 205 Ky. 384, 265 S. W. 1110.

In Braun v. Fogle, 5 Ky. Law Rep. 607, 12 Ky. Opin, 432, it was held that where one intimidated by coercive process of a writ of possession and ignorant of his rights was induced to lease and agreed to pay rent for land he was in possession of and which the law per-

mitted him to hold as a home, he was not estopped to claim homestead because the contract was not subscribed by his wife or acknowledged by either of them and recorded.

In Littlejohn v. Egerton, 76 N. C. 468, the court stated that the question submitted to it was:

> "Can a husband who by parol waives his homestead and by assurances and representations that he never intends to claim a homestead induces persons to buy the land at full price including the homestead, afterwards change his mind and claim the homestead, or is he estopped by matter in pais because the successive purchasers would be injured by his false assurances and misrepresentations?"

Pointing out the provisions of the state constitution which permit a husband to dispose of his homestead by deed provided his wife signs it, the court answered:

> "The idea of an estoppel by matter in pais is out of the question."

If these conclusions are sound where the claim of estoppel is based upon the representation of a fact, a fortiori, the conclusion is right where there is no false representation but a mere verbal promise that on the happening of a certain contingency the right of homestead will be disclaimed. It is no more binding than would be such a promise to convey the entire property in the real estate. Obviously where there has been a breach of such a promise, estoppel would not lie against the assertion of its validity.

The present value of the property is not shown in this record. But it is disclosed to have cost about $1,600. Whatever its value may be, it is clear that Hensley's deed could not be set aside to the extent of his homestead of $1,000 in value, and that his half interest in the property is burdened with that homestead now vested in his wife. "The exemption is to *him,* against *his* debt, out of *his* property; and it follows that the interest of the wife cannot be made to contribute to it." Johnson v. Kessler, supra. But as thus burdened, his interest is subject to his debts and the deed should be set aside to that extent.

Wherefore the judgment is reversed, with directions to enter another in conformity with this conclusion.